# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Nos. 16-1321 & 16-1380

| | |
|---|---|
| ROSE COULTER-OWENS, individually and on behalf of all others similarly situated, | Appeal from the United States District Court for the Eastern District of Michigan |
| Plaintiff, | |
| v. | Case No. 2:12-cv-14390-GCS-MKM |
| TIME INC., a Delaware Corporation, | Hon. George C. Steeh |
| Defendant. | |

## TIME'S MOTION TO DISMISS PLAINTIFF'S APPEAL

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................ ii

PRELIMINARY STATEMENT .............................................................. 1

RELEVANT BACKGROUND ................................................................. 2

A.    The District Court Proceedings ..................................................... 2

B.    The VRPA ..................................................................................... 5

C.    The Supreme Court's *Spokeo* Decision ........................................ 7

ARGUMENT……….................................................................................... 7

I.    Spokeo Renders Plaintiff's VRPA Claim Non-Justiciable ............ 8

II.    The VRPA Amendment Renders Plaintiff's Claim Non-Justiciable ........... 11

    A.    The VRPA's Actual Damages Requirement Applies Retroactively... 11

        1..    The Michigan Legislature Intended Retroactivity .................. 12

        2.    The Actual Damages Requirement Is Remedial and Does Not Impact a Vested Right ..................................................... 17

            a)    The requirement is remedial .......................................... 18

            b)    SB 490 does not take away Plaintiff's vested rights ...... 19

    B.    Plaintiff Does Not Claim She Was Actually Injured ......................... 20

CONCLUSION……….............................................................................. 20

i

# TABLE OF AUTHORITIES

## Cases

*Alliedsignal, Inc. v. Amcast International Corp.*,
  177 F. Supp. 2d 713 (S.D. Ohio 2001) ............................................................. 15

*Allstate Insurance Co. v. Faulhaber*,
  157 Mich. App. 164 (1987) ................................................................. 13, 19

*American Atheists, Inc. v. City Of Detroit Downtown Development Authority*,
  567 F.3d 278 (6th Cir. 2009) ............................................................... 8

*Attorney General v. Flint City Council*,
  269 Mich. App. 209 (2005) ................................................................. 19

*Beaudry v. TeleCheck Services,, Inc.*,
  579 F.3d 702 (6th Cir. 2009) ............................................................ 9, 17

*Bonilla v. Lafler*,
  No. 06–15466, 2009 WL 2386080 (E.D. Mich. July 30, 2009) ...................... 11

*Cain v. Redbox Automated Retail, LLC*,
  981 F.Supp.2d 674 (E.D. Mich. 2013) .............................................. 17

*Church of Scientology of California v. United States*,
  506 U.S. 9 (1992) ........................................................................... 8

*Coulter-Owens v. Time Inc.*,
  308 F.R.D. 524 (E.D. Mich. 2015) .................................................. 4, 9

*Coulter-Owens v. Time Inc.*,
  2016 WL 612690 (E.D. Mich. Feb. 16, 2016) .................................... 5

*Detroit Edison Co. v. State*,
  320 Mich. 506 (1948) ..................................................................... 17

*Duffy v. Grange Insurance Co. of Michigan*,
  No. 290198, 2010 WL 3655979 (Mich. Ct. App. Sept. 21, 2010) ............. 12, 18

*Figueroa-Rubio v. I.N.S.*,
        108 F.3d 110 (6th Cir. 1997) .................................................................... 8

*Frank W. Lynch & Co. v. Flex Technologies, Inc.*,
        463 Mich. 578 (2001) .................................................................... 12, 16

*General Motors Corp v. Department of Treasury*,
        290 Mich. App 355 (2010) ............................................................. 14

*Halaburda v. Bauer Publishing Co.*,
        No. 12-CV-14390, 2013 WL 4012827 (E.D. Mich. Aug 6, 2013) ...... 3, 8, 9, 17

*In re Certified Questions from U.S. Court of Appeals for the Sixth Circuit*,
        416 Mich. 558 (1982) ..................................................... 12, 18, 19

*In re Oswalt*,
        318 B.R. 817 (W.D. Mich. 2004), *aff'd* 444 F.3d 524 (6th Circuit 2006) ....... 13

*Inhabitants of Montclair Township v. Ramsdell*,
        107 U.S. 147 (1883) ........................................................... 13

*Kinder v. Meredith Corp.*,
        14-CV-11284, 2014 WL 4209575 (E.D. Mich. Aug. 26, 2014) ..................... 17

*LaFontaine Saline, Inc. v. Chrysler Group, LLC*,
        496 Mich. 26 (2014) ........................................................ 12

*Lahti v. Fosterling*,
        357 Mich. 578, 589 (1959) ............................................... 19

*People v. Peltola*,
        489 Mich. 174 (2011) ...................................................... 15

*People v. Sheeks*,
        244 Mich. App. 584 (2001) ............................................. 13

*Reeves v. Reno*,
        61 F. Supp. 2d 661 (E.D. Mich. 1999) ............................. 12, 15, 16

*Romein v. General Motors Corp.*,
    168 Mich. App. 444 (1988), *aff'd* 436 Mich. 515 (1990),
    *aff'd* 503 U.S. 181 (1992) ................................................................ 13, 14

*Rookledge v. Garwood*,
    340 Mich. 444 (1954) ................................................................ 18

*Rory v. Continental Insurance Co.*,
    473 Mich. 457 (2005) ................................................................ 15

*Sanders v. Allison Engine Co., Inc.*,
    703 F.3d 930 (6th Cir. 2012) ................................................................ 15

*Seaton v. Wayne County Prosecutor*,
    233 Mich. App. 313 (1998) ................................................................ 12, 14, 18

*Spokeo Inc. v. Robins*,
    No. 13-1339, 578 U.S. __ (May 16, 2016) Slip Op. ................................ *passim*

*United States v. Lucido*,
    612 F.3d 871 (6th Cir. 2010) ................................................................ 10

*Van Buren Township v. Garter Belt Inc.*,
    258 Mich. App. 594 (2003) ................................................................ 20

## Statutes & Rules

6th Cir. R. 27(d) ................................................................................................ 1

Mich. Compiled Laws Annotated, § 445.1712 ...................................................... 6

Mich. Ct. R. 3.501 ............................................................................................. 16

S.B. 490, 98th Leg. Reg. Sess. (Mich. 2016) ................................................ Passim

## <u>Other Authorities</u>

33 Journ. Of Mich. Senate, 98th Leg., Apr. 21, 2016) ....................................... 6, 16

Comm. On Commerce & Trade, Mich. House of Reps., Feb. 9, 2016,
    Testimony of Ari J. Scharg................................................................................ 16

## PRELIMINARY STATEMENT

Plaintiff/Appellant Rose Coulter-Owens's ("Plaintiff") appeal should be dismissed pursuant to 6th Cir. R. 27(d) because two recent developments make clear that she lacks standing, and this Court lacks subject-matter jurisdiction. *First,* the Supreme Court's recent decision in S*pokeo Inc. v. Robins* ("*Spokeo*") clarifies that a "bare procedural violation" of a statute does not constitute injury in fact sufficient to satisfy Article III.  Rather, "Article III standing requires a concrete injury even in the context of a statutory violation." To be "concrete," an injury "must actually exist." Plaintiff relies entirely on an alleged procedural violation of Michigan's Video Rental Privacy Act (the "VRPA") as her injury-in-fact, not an injury that actually exists. Nowhere did Plaintiff allege, let alone proffer any evidence at summary judgment, that she or the class suffered an injury from Time's alleged disclosures. At the class certification stage, when given a chance to clarify her allegations, Plaintiff affirmatively represented that she and the class were ***not*** pursuing a theory of actual harm. And none of her allegations or evidence suggest any material risk of future harm. The District Court accepted this representation when granting class certification. Because Plaintiff does not allege that she suffered any actual, concrete harm, she lacks Article III standing under *Spokeo,* and her claim must be dismissed.

***Second***, earlier this month Michigan enacted an amendment to the VRPA

1

clarifying that a plaintiff must suffer actual injury to pursue a civil claim under the statute. The requirement applies retroactively to Plaintiff's claim. The Michigan legislature made the retroactive effect clear in several ways, including through the statutory language describing the amendment as "curative and intended to clarify" the actual injury requirement and expressly providing for prospective application of a different provision. Retroactive application is also appropriate because the amendment is remedial and does not take away a vested right.

Article III's justiciability requirements extend throughout all stages of federal proceedings, including appeal. If a plaintiff loses standing at any point during the case, the court loses jurisdiction. That has happened here. Both *Spokeo* and the VRPA amendment dictate that Plaintiff no longer has standing. Accordingly, this appeal should be dismissed for lack of subject matter jurisdiction.

## **RELEVANT BACKGROUND**

### A.    **The District Court Proceedings**

Plaintiff filed a class action against Time, initially alleging that Time's rental of mailing lists to entities that wanted to market goods or services to Time's subscribers (a decades-old industry practice called "list rental") violated the VRPA. Am. Compl., R.53 # 1037.[1] She originally claimed that because of such rentals she received "a deluge of junk mail" and an influx of "marketing calls" and suffered

---

[1] Throughout this Motion, "#" refers to the PAGE ID # in the District Court.

"emotional distress in the form of irritation, aggravation, anxiety, and fear that her information will be obtained and misused by thieves and scammers." *Id.* # 1032, 1040. She also alleged that she overpaid for her subscription. *Id.* # 1039.

Time moved to dismiss on a variety of grounds, including that Plaintiff lacked Article III standing. *See Halaburda v. Bauer Pub. Co.,* No. 12-CV-14390, 2013 WL 4012827, *1 (E.D. Mich. Aug 6, 2013). In addressing Time's motion to dismiss for lack of standing, the District Court observed that "it was unclear ... whether plaintiff could articulate any injury other than a violation of the statute." *Id.* at *4. The Court nevertheless found that Plaintiff had standing because the VRPA, as it was then written, "contain[ed] absolutely no language to require that a claimant suffer any actual injury apart from a violation of the statute." *Id.*

Plaintiff herself disavowed actual injury when moving for class certification, presumably to avoid individual injury issues that could have defeated Rule 23's requirements. At oral argument, her counsel represented that Plaintiff "told [Time] over and over again that we're not pursuing those theories of actual harm. We're pursuing statutory damages under the VRPA." Tr. of June 2, 2015 Mot. Hrg. R.115 ("Class Cert. Tr."), # 3772. *See also* Pl.'s Reply in Supp. of Mot. Cert. Class, R.100, # 3632 (actual harm inquiry "is individualized, as opposed to authorized statutory damages"). In certifying the class, the District Court accepted that "plaintiff, as well as the remainder of the class are not proceeding under a theory of actual damages."

*Coulter-Owens v. Time Inc.*, 308 F.R.D. 524, 534 (E.D. Mich. 2015). Rather, "plaintiff has decided to proceed under a statutory damages theory." *Id.* at 524.

Plaintiff also abandoned her theory of liability based on Time's rental of lists to marketers after discovery revealed that Time did not disclose names and magazine titles in connection with that practice, focusing instead on Time's use of two service providers—Acxiom and Wiland. Time's Mot. Summ. J., R.119, # 3825. Acxiom hosted Time's consuming marketing database which housed names and magazine titles of Time subscribers. *Id.* at # 3832-34. The record at summary judgment was undisputed that Acxiom could not, and did not, use Time's data for Acxiom's own commercial purposes or to provide services to Acxiom customers other than Time, (L. Moore Decl., R.121, # 4058-59,) and that Acxiom had to prevent disclosure of Time's data to third parties, (J. Landis Decl., Ex. Q, filed under seal)[2]. Plaintiff proffered no evidence that Time's use of Acxiom to host its database affected her, because it did not harm her and could not harm her.

Similarly, Wiland administrated a cooperative database, or "Co-op," a variation of list rental where rather than the publisher renting names directly to a marketer, the publisher contributes names to a third-party administered database that combines it with information from other entities, such as other publishers and

---

[2] Ex. Q., R.125-10, was filed under seal and can be found at TIME_RCO_001004.

catalog companies. (*Id.* Ex. I, filed under seal.)[3] Members of the Co-op then rent names from the database to send marketing materials. (*Id.* at 19:1-4.) The record at summary judgment was undisputed that once subscriber information was put in the Wiland database, it was anonymized—no participant knew who contributed the names, and a member ***never*** received information showing that a person subscribed to a specific magazine. (*Id.* at 21:23-22:11; 79:5-21). Plaintiff proffered no evidence that Time's participation in the Co-op affected her or the class, or even that her name was provided to Wiland. Again, no injury-in-fact, other than a mere statutory violation was alleged; and none was demonstrated.

This District Court eventually found that Plaintiff and the class did not purchase their subscriptions "at retail" as the VRPA requires. *Coulter-Owens*, 2016 WL 612690, *3 (E.D. Mich. Feb. 16, 2016). The District Court granted Time summary judgment on Plaintiff's VRPA claim. *Id.* It also granted Time summary judgment on her unjust enrichment claim. *Id.* at *11. This appeal followed.[4]

## B.    The VRPA

In 1988, after a newspaper published in a profile of Judge Robert Bork the titles of films his family had rented from a local video store, Congress passed the

---

[3] Ex. I., R.125-6, was filed under seal and can be found at 21:8-22:2.

[4] Plaintiff does not appeal the District Court's grant of summary judgment with respect to her individual unjust enrichment claim. *See* ECF 12, ECF 15 at 3.

5

Video Privacy Protection Act. Compl. ¶ 11. A few weeks later, Michigan passed the VRPA, which placed certain limitations on disclosing customer information. M.C.L. § 445.1712. For 25 years, the VRPA sat dormant. That changed in 2012 when attorneys started brandishing it against magazine publishers.

After the District Court granted summary judgment, Michigan enacted S.B. 490, 98th Leg. Reg. Sess. (Mich. 2016), which clarified that a plaintiff must suffer actual damages to bring a claim under the VRPA:

> This amendatory act is curative and is intended to clarify . . . that a civil action for a violation of those prohibitions [on disclosure of customer information] may only be brought by a customer who has suffered actual damages as a result of the violation.

SB 490 Enacting Provisions, § 2.  Section 5 of SB 490 revised the VRPA as follows (additions capitalized and bolded, deletions struck through):

> **(2) A** customer **DESCRIBED IN SUBSECTION (1) WHO SUFFERS ACTUAL DAMAGES AS A RESULT OF A VIOLATION OF THIS ACT** may bring a civil action against the person **THAT VIOLATED THIS ACT** and may recover both of the following:
>
> > (a) ~~Actual~~ **THE CUSTOMER'S ACTUAL** damages, including damages for emotional distress**.** ~~, or $5,000.00, whichever is greater~~.
>
> > (b) ~~Costs~~ **REASONABLE COSTS** and ~~reasonable~~ attorney fees.

SB 490, § 5(2). During discussion of SB 490, Senator Warren urged the Senate to reject the bill, warning that "the law will likely be interpreted as retroactive." 33 Jour. of Mich. Senate, 98th Legis., Apr. 12, 2016 at 473. She tried to re-insert the original damages provision that did not clarify the actual injury requirement.

6

*Id.* at 469. The Senate rejected these efforts and passed SB 490 as presented.

**C.      The Supreme Court's *Spokeo* Decision**

On May 16, 2016, the Supreme Court decided *Spokeo Inc. v. Robins*, No. 13-1339, 578 U.S. __ (May 16, 2016), Slip Op. Plaintiff Thomas Robins had alleged that Spokeo.com violated the Fair Credit Reporting Act ("FCRA") by disseminating inaccurate information about his financial and educational status and other personal details.  The district court dismissed Robins' case for lack of standing. *Id.* at 4. The Ninth Circuit reversed, holding that where a statute does not require proof of actual damages, a plaintiff can sue based on the statutory violation alone. *Id.* at 4-5. The Supreme Court vacated the Ninth Circuit's ruling, finding that a plaintiff does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 9. Rather, "Article III standing requires a concrete injury even in the context of a statutory violation," or at least a "material risk of harm." *Id.* at 9, 11. A "bare procedural violation" is not enough. *Id.* at 9, 10.

**ARGUMENT**

Here, Plaintiff no longer has standing, and therefore this matter is no longer justiciable, for two independent reasons. ***First***, the *Spokeo* decision clarifies that a plaintiff cannot rely on a bare statutory violation as injury-in-fact sufficient to confer subject matter jurisdiction under Article III, which is what Plaintiff has done.

**Second**, the Michigan legislature's passage of SB 490, clarifies that the VRPA requires a plaintiff to suffer actual injury to pursue a civil claim. This requirement applies retroactively, meaning that Plaintiff cannot rely on a mere violation of the VRPA to invoke federal jurisdiction under the terms of the statute itself.

Article III's requirements extend throughout "all stages of federal judicial proceedings, trial and appellate." *Am. Atheists, Inc. v. City Of Detroit Downtown Dev. Auth.,* 567 F.3d 278, 287 (6th Cir. 2009). *See also Figueroa-Rubio v. I.N.S.*, 108 F.3d 110, 112 (6th Cir. 1997) (granting motion to dismiss appeal for lack of subject matter jurisdiction based on the passage of statute). If a plaintiff loses standing during the pendency of the proceedings in the district court or the appellate courts, the matter becomes moot, and the court loses jurisdiction. *Church of Scientology of Cal. v. U.S.*, 506 U.S. 9, 12 (1992)).  That is the case here.

## I.    Spokeo Renders Plaintiff's VRPA Claim Non-Justiciable

This appeal should be dismissed because *Spokeo* clarifies that a plaintiff cannot rely on a statutory violation as an injury in fact to confer standing, as Plaintiff has done here. Plaintiff has consistently rested on the alleged violation of the VRPA as her injury-in-fact. She has not articulated, much less proffered evidence of, any concrete injury resulting from the alleged statutory violation.

At the motion to dismiss stage, the District Court held that "it was unclear ... whether plaintiffs could articulate any injury other than a violation of the statute."

*Halaburda,* 2013 WL 4012827 at *4. It nevertheless relied on *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009), to find that Plaintiff had alleged a sufficient injury-in-fact to confer standing. *Halaburda,* 2013 WL 4012827 at *5. The court pointed to *Beaudry's* pronouncement that alleging a bare violation of a statute without actual injury conferred standing because "Congress 'has the power to create new legal rights, [including] right[s] of action whose only injury-in-fact involves the violation of that statutory right.'" *Id.* (quoting *Beaudry*, 579 F. 3d at 707).

Plaintiff similarly relied on the mere violation of the statute to satisfy Rule 23's requirements for class certification. *See* Class Cert. Tr. R.115 # 3772 ("[We] told [Time] over and over again that we're not pursuing those theories of actual harm. We're pursuing statutory damages under the VRPA."). *See also*, *Coulter-Owens*, 308 F.R.D. at 534 ("plaintiff, as well as the remainder of the class are not proceeding under a theory of actual damages."). She did so again at summary judgment where she did not allege (let alone introduce evidence of) actual injury to her or the class from Time's alleged disclosures in either her affirmative motion for summary judgment or in opposition to Time's motion to summary judgment.[5]

─────────────────

[5] To the contrary, when Time asked the District Court to revisit its motion to dismiss ruling that an alleged statutory violation without more was a sufficient injury to confer standing, Coulter-Owen's response was to argue that the District Court, relying on *Beaudry*, had "already rejected Time's challenge to Plaintiff's Article III standing, holding that Plaintiff's alleged invasion of her statutory rights was an injury sufficient to establish standing." Pl.'s Resp. to Time's Mot. Summ. J., R.137

This is not enough after *Spokeo*.  The District Court, like the Ninth Circuit in

*Spokeo*, did not analyze whether Plaintiffs' injury was "concrete and particularized"

with concrete meaning "it must actually exist." *Spokeo* at 8. While Congress can

elevate "concrete, *de facto* injuries" not previously recognized at law to legally

cognizable injuries, a plaintiff "cannot satisfy the demands of Article III by alleging

a bare procedural violation." *Id.* at 10. As the Supreme Court explained, a plaintiff

"could not, for example, allege a bare procedural violation, divorced from any

concrete harm, and satisfy the injury-in-fact requirement of Article III."[6]

So too here. Plaintiff's allegation of a bare procedural violation of the VRPA

with no allegation or evidence of concrete harm does not satisfy the injury-in-fact

requirement of Article III. To the extent *Beaudry* dictated a different result, it has

now been overruled. *See U.S. v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010) (noting

that an inconsistent decision of the United States Supreme Court requires

modification of an earlier panel decision). After *Spokeo*, Plaintiff cannot write her

own ticket to federal court by asserting an alleged VRPA violation alone as her

---

# 4831-32. Plaintiff did not even attempt to argue that she or the class were, in fact, alleging any actual injury stemming from Time's alleged violation of the VRPA.

[6] While the Court in *Spokeo* remanded for determination of whether alleged falsities in plaintiff's credit report "entail a degree of risk" of harm "sufficient to meet the concreteness requirement," *Spokeo* at 11, there are no false statements or any other grounds for alleging a concrete "material risk of harm" in this case. *Id.; cf.* dissenting op. of Ginsburg, J., at 5 ("Far from an incorrect zip code, Robins complains of misinformation about his education, family situation, and economic status, inaccurate representations that could affect his fortune in the job market.").

injury-in-fact. *See Spokeo,* at 9. ("Article III standing requires a concrete injury even in the context of a statutory violation."). Because Plaintiff never adequately alleged actual harm, repeatedly disavowed any theory of actual harm, and stands on the statutory violation, *Spokeo* dictates that she no longer has a justiciable claim.

## II.    The VRPA Amendment Renders Plaintiff's Claim Non-Justiciable

### A.    The VRPA's Actual Damages Requirement Applies Retroactively

Plaintiff's claim is also no longer justiciable because the VRPA as amended itself requires actual injury to bring a civil suit.  Section 5 states that only a customer, "who suffers actual damages as a result of a violation of this act" may pursue a civil action. SB 490, § 5(2). The statute's enacting section likewise states that "a civil action for a violation … may only be brought by a customer who has suffered actual damages as a result of the violation." S.B. 490, Enacting Provisions, § 2.

This actual injury requirement applies retroactively. Whether "a Michigan statute should be applied retroactively is a matter of state law." *Bonilla v. Lafler*, No. 06–15466, 2009 WL 2386080, at *21 (E.D. Mich. July 30, 2009). Michigan courts consider four principles when evaluating retroactivity:

> First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute.

11

*LaFontaine Saline, Inc. v. Chrysler Group, LLC*, 496 Mich. 26, 38-39 (2014).[7] These

principles demand that SB 490's actual injury requirement be applied retroactively.

### 1.    The Michigan Legislature Intended Retroactivity

The Michigan legislature intended SB 490's clarification of the actual injury

requirement to apply to all VRPA claims, regardless of when they were brought. In

determining whether an amendment to a statute should be applied retroactively

"'[t]he primary and overriding rule is that legislative intent governs.'" *Frank W.*

*Lynch & Co. v. Flex Tech., Inc.*, 463 Mich. 578, 583 (2001). To determine legislative

intent, courts are "guided by 'traditional tools of statutory construction' which

include examination of the statutory 'language itself, the specific context in which

the language is used, and the broader context of the statute as a whole,' as well as

the statute's legislative history." *Reeves v. Reno*, 61 F. Supp. 2d 661, 665 (E.D. Mich.

1999). These indicia demonstrate that the legislature intended retroactivity here.

*First*, the VRPA's amended language indicates retroactive intent. When

---

[7] Courts place heavy weight on the first element. *Duffy v. Grange Ins. Co. of Michigan*, No. 290198, 2010 WL 3655979, at *1 (Mich. Ct. App. Sept. 21, 2010). The second element is inapplicable because "[s]econd rule cases relate to measuring the amount of entitlement provided by a subsequent statute in part by services rendered pursuant to a prior statute." *In re Certified Questions from U.S. Ct. of Appeals for the Sixth Cir.*, 416 Mich. 558, 571 (1982). Courts generally analyze elements three and four together. *See, e.g., Seaton v. Wayne County Prosecutor*, 233 Mich. App. 313, 317-18 (1998).

examining a statute "[i]t is the duty of the court to give effect, if possible, to every clause and word ... avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed." *Inhabitants of Montclair Twp. v. Ramsdell*, 107 U.S. 147, 152 (1883). This includes the enacting section. *See In re Oswalt*, 444 F.3d 524, 529 (6th Cir. 2006). Here, the enacting section states that SB 490 is "***curative*** and intended to ***clarify***" that the VRPA requires actual damages. SB 490, Enacting Provisions, § 2 (emphasis added).

An amendment clarifying an existing law applies retroactively. In *Allstate Ins. Co. v. Faulhaber*, 157 Mich. App. 164 (1987), the court held that because "the amendment was intended by the Legislature to clarify [an] ambiguity. … [T]he Legislature intended for it to apply retroactively to all actions." *Id*. at 167. Likewise, in *People v. Sheeks*, 244 Mich. App. 584 (2001), the court found a statute applied retroactively where the language "plainly indicates an intent to clarify the statute and to reform existing rights under the statute." *Id*. at 594; *see also In re Oswalt*, 318 B.R. 817, 821 (W.D. Mich. 2004) *aff'd* 444 F.3d 524 (6th Cir. 2006) (same).

Michigan courts also apply amendments retroactively when the amendment is curative. In *Romein v. Gen. Motors Corp.*, 168 Mich. App. 444 (1988) *aff'd*, 436 Mich. 515 (1990) *aff'd*, 503 U.S. 181 (1992), in finding that an amendment to the Workers' Disability Compensation Act should apply retroactively, the court relied on the fact that the act "describe[d] the amendatory subprovisions as 'remedial and

13

curative.'" *Id.* at 454. In doing so, the court observed that "[c]urative legislation has been defined as legislation enacted to cure defects in prior law." *Id.* at 456. *See also Gen. Motors Corp v. Dep't of Treasury*, 290 Mich. App 355, 371 (2010) (curative amendment was retroactive); *Seaton*, 233 Mich. App. at 323 ("Courts have consistently upheld the retroactive application of 'curative' legislation").

The contrast between Section 5 and Section 3(d) of SB 490 confirms the intent to apply the amendment retroactively. SB 490 clarifies two aspects of the VRPA: (1) that civil actions require actual damages and (2) that the VRPA does not prohibit disclosures incident to the ordinary course of business. S.B. 490, Enacting Provisions, § 2. The ordinary course of business exception is clarified in subsection 3(d). That subsection includes two sentences, one laying out the exception and a second stating that the subsection "only applies to a record or information that is created or obtained after the effective date of the amendatory act that added this subdivision." S.B. 490, § 3(d). Section 5 clarifies the actual damages requirement. Unlike Section 3, it is not restricted to prospective application.

The presence of language of future application in one section of the law, and its absence in another is clear evidence of legislative intent. "The Supreme Court has instructed that where a statute includes 'particular language in one section ... but omits it in another section of the same Act,' it leads to the general presumption that the 'disparate inclusion or exclusion' was done 'intentionally and purposely.'"

14

*Sanders v. Allison Engine Co., Inc.*, 703 F.3d 930, 936 (6th Cir. 2012). The Michigan Supreme Court has characterized this maxim of "*expressio unius*" as "a rule of construction that is a product of logic and common sense" and noted that "no maxim is more uniformly used to properly construe statutes." *Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 503 (2005). Such common sense applies here. SB 490 includes language limiting the ordinary course of business exception to prospective application but excludes such language from the section clarifying the actual damages requirement. "Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion." *People v. Peltola*, 489 Mich. 174, 185 (2011).

Courts have applied *expressio unius* in cases evaluating retroactivity of an amendatory act. In *Reeves v. Reno*, 61 F. Supp. 2d 661 (E.D. Mich. 1999), where Congress provided for retroactive application in one provision of AEDPA, the court found "that silence in another provision created 'negative implication' that Congress intended prospective application when it had not expressly provided for retroactive application." *Id.* at 666. The court in *Alliedsignal, Inc. v. Amcast Int'l Corp.*, 177 F. Supp. 2d 713 (S.D. Ohio 2001), likewise used the same maxim to conclude that Congress intended certain sections of CERCLA to have retroactive effect. *Id.* at 729-30. So too here. If the legislature had not intended that SB 490's clarification regarding actual damages be applied retroactively, it would not have limited the

ordinary course of business exception to prospective application.

**Second**, the bill's legislative history's demonstrates retroactive intent. Courts are guided by a statute's legislative history when determining whether a statute applies retroactively. *See Reeves*, 61 F. Supp. 2d at 665. Here, that history shows that the Michigan legislature knew of the retroactive effect of the actual injury requirement when it passed SB 490. Senator Warren noted that the law "will likely be interpreted as retroactive." Senate Jour. at 473. Plaintiffs' counsel objected to the House Commerce Committee that the bill's proponents were seeking to "giv[e] SB 490 retroactive effect." Testimony of Ari J. Scharg, *Comm. on Commerce and Trade, Mich. House of Reps.*, Feb. 9, 2016, at 10. Legislators understood the retroactive impact of SB 490, but "determined that the benefits of retroactivity outweigh[ed] the potential for disruption or unfairness." *Frank W. Lynch*, 463 Mich. at 587. Applying the injury requirement retroactively *cures* an unintended unfairness because Michigan law prohibits actions seeking statutory damages without actual injury from proceeding as class actions in state court. *See* Mich. Ct. R. 3.501(A)(5). It is only because of a procedural loophole that such actions have been filed in federal court. Applying the actual injury requirement retroactively closes that loophole.

**Third**, Michigan adopted the amendment amid ongoing controversy over statutory standing. Michigan federal courts have presided over multiple class actions brought under the VRPA. These courts were confronted with whether the statute

16

required a plaintiff suffer actual damages to have standing. *See, e.g*, *Kinder v. Meredith Corp.*, 14-CV-11284, 2014 WL 4209575, *2 (E.D. Mich. Aug. 26, 2014); *Cain v. Redbox Automated Retail, LLC*, 981 F.Supp.2d 674, 682–684 (E.D. Mich. 2013); *Halaburda*, 2013 WL 4012827 at *4. The District Court noted its "hesitation" to find that the allegations "meet the definition of an injury in fact" and "reluctance" to find that the VRPA does "not require a showing of actual damages," but at the time could not distinguish the case from *Beaudry*. *Id.* at *4-5. The court expressed the same hesitation in another VRPA case. *See Cain*, 981 F. Supp. 2d at 683.

With SB 490, the Michigan Legislature addressed and corrected these doubts, making the VRPA distinguishable from the FCRA and *Beaudry*. The Michigan legislature knew both of this ongoing controversy and that courts previously interpreted the VRPA as not requiring actual damages. Where, as here, an amendment is "enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change." *Detroit Edison Co. v. State*, 320 Mich. 506, 520 (1948).

### 2. The Actual Damages Requirement Is Remedial and Does Not Impact a Vested Right

Retroactive application of the damages requirement is also required because the provision is remedial and does not impact a vested right. Absent language showing a contrary intention, "[s]tatutes related to remedies or modes of procedure

17

which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing" are "held to operate retrospectively and apply to all actions accrued, pending or future." *Seaton*, 233 Mich. App. at 318. SB 490 meets this description.

### a)      The requirement is remedial

SB 490 is remedial because it clarifies an existing law. "A statute is remedial if it is designed to correct an existing oversight in the law … or is intended to reform or extend existing rights." *Duffy*, 290198, 2010 WL 3655979 at *2. The Michigan legislature amended Section 5 to clarify that plaintiffs bringing civil actions under the VRPA must suffer actual injury. *See supra* at 6-7. It "abridge[s] superfluities of former laws, remedying defects therein, or mischiefs thereof." *Rookledge v. Garwood*, 340 Mich. 444, 453 (1954).

The actual damages requirement is also remedial because it impacts only how a plaintiff enforces a VRPA right. A "remedial statute" is related to "the means employed to enforce a right or redress an injury." *Id*. In *In re Certified Questions*, 416 Mich. 558, the Michigan Supreme Court categorized as remedial a statute imparting a comparative negligence regime in tort actions. *Id.* at 578. The court explained that "[s]ince the Legislature has adopted comparative negligence as a principle which reduces plaintiff's damages in proportion to the amount of his negligence, such legislation operates to improve and further a remedy." *Id.* In

*Allstate*, 157 Mich. App. 164 (1987) the court found remedial an amendment that changed the statute of limitations for a claim from three years (under the catchall provision) to two years. *Id*. at 168. The court reasoned that "the amendment … did not create a new substantive right for insurance companies but instead simply provided for a definitive statute of limitations in reimbursement actions." *Id*. at 167. SB 490 likewise does not create a new substantive right, but provides a definitive statement of the Michigan legislature's intent that a plaintiff must suffer actual injury before seeking to bring a civil VRPA action.

### b)    SB 490 does not take away Plaintiff's vested rights

SB 490 does not take away a vested right. All SB 490 takes away is the ability to recover something—$5,000—for nothing (without injury). "It is the general rule that that which the legislature gives it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it." *Lahti v. Fosterling,* 357 Mich. 578, 589 (1959). In *Atty. Gen. v. Flint City Council*, 269 Mich. App. 209 (2005), the court found that the council members had no vested right to a certain level of continued compensation on the ground that any right they had to that compensation level arose by statute and could be eliminated by statute. *Id.* at 216. Likewise, even assuming the legislature originally intended to allow plaintiffs to recover $5,000 with no injury (which the legislature clarified it did not), the legislature can change its mind.  Further, "a right

cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws." *See also Van Buren Twp. v. Garter Belt Inc.*, 258 Mich. App. 594, 633 (2003) ("[N]o one has a vested right to the continuation of an existing law by precluding the amendment or repeal of the law."). Plaintiff can, at most, assert that she believed she could, under the prior version of the VRPA, bring a civil action suffering no actual injury, and now the legislature has clarified that she may not. But even if that were the case, the ability to obtain a $5,000 windfall when suffering no injury is not a vested right.

### B.    Plaintiff Does Not Claim She Was Actually Injured

The VRPA amendment provides an independent basis to dismiss this case. The VRPA as amended requires that a plaintiff suffer actual injury to assert a civil VRPA claim. Plaintiff does not allege, let alone demonstrate such an injury. She no longer has a justiciable claim and there is no subject-matter jurisdiction.

### CONCLUSION

Time respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff/Appellant/Cross-Appellee's appeal.

Dated:  May 26, 2016                Respectfully submitted,

**Time Inc.**

By:  /s/ Jeffrey Landis

20

Marc Zwillinger
Jeffrey Landis
Nury Siekkinen
ZWILLGEN PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
(202) 706-5203
marc@zwillgen.com
jeff@zwillgen.com
nury@zwillgen.com

and

Robert M. Jackson
Arthur T. O'Reilly
HONIGMAN MILLER SCHWARTZ
AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
(313) 465-7430
rjackson@honigman.com
aoreilly@honigman.com

*Attorneys for Defendant/Appellee/Cross-Appellant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2016, I electronically filed the foregoing

with the Clerk of the Court of the United States Court of Appeals for the Sixth

Circuit by using the CM/ECF system.  I certify that all participants in this case are

registered CM/ECF users and that service will be accomplished by the CM/ECF

system.

/s/ Jeffrey Landis
*Attorney for Defendant/Appellee/Cross-Appellant*
*Time, Inc.*