# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

Nos. 16-1321 & 16-1380

| | |
|---|---|
| ROSE COULTER-OWENS, individually and on behalf of all others similarly situated, | Appeal from the United States District Court for the Eastern District of Michigan |
|     Plaintiff/Appellant/Cross-Appellee, | |
| v. | Case No. 2:12-cv-14390-GCS-MKM |
| TIME INC., a Delaware Corporation, | Hon. George C. Steeh |
|     Defendant/Appellee/Cross-Appellant. | |

## TIME'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S APPEAL

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. ii

I.    Plaintiff Lacks Standing Under *Spokeo* ..........................................1

    A.    *Spokeo* Requires Concrete Injury ..........................................1

    B.    Plaintiff's Intangible Injury Arguments Fail ........................................4

    C.    Substantive" Violations Require Actual Injury Under *Spokeo* .............6

II.    SB 490's Actual Injury Requirement Applies Retroactively .........................7

    A.    The Legislature Intended Retroactivity ................................................7

    B.    SB 490 is Remedial and Does Not Impact a Vested Right ................10

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Allstate Insurance Co. v. Faulhaber*,
  157 Mich. App. 164 (1987)................................................................ 9, 10

*Boelter v. Hearst Communications Inc.*,
  No. 15-cv-3934, 2016 WL 3369541 (S.D.N.Y June 17, 2016)................................8

*Booth v. Appstack, Inc.*,
  No. 13-1533 JLR, 2016 WL 3030256 (W.D. Wash. May 24, 2016) .......................7

*Brewer v. A.D. Transport Express, Inc.*,
  486 Mich. 50 (2010)................................................................7, 8

*Church v. Accretive Health, Inc.*,
  No. 15-15708, 2016 WL 3611543 (11th Cir. July 6, 2016) ....................................4

*Davis v. State Employees' Retirement Board*,
  272 Mich. App. 151 (2006)................................................9

*Doe v. Chao*,
  540 U.S. 614 (2004)................................................8

*Doe v. Department of Corrections*,
  249 Mich. App. 49 (2001)................................................9

*Douglas v. Stokes*,
  149 S.W. 849 (Ky. Ct. App. 1912) ............................................6

*Federal Aviation Administration v. Cooper*,
  132 S.Ct. 1441 (2012)................................................8

*Federal Election Commission v. Akins*,
  524 U.S. 11 (1998)................................................3, 4

*Frank W. Lynch & Co. v. Flex Technologies, Inc.*,
  463 Mich. 578 (2001)................................................8

*Frank W. Lynch & Co. v. Flex Technologies, Inc.*,
   No. 240989, 2004 WL 345283 (Mich. App. Feb. 24, 2004) ...................................9

*GMAC LLC v. Department of Treasury*,
   286 Mich. App. 365 (2009)..................................................................................9

*Gubala v. Time Warner Cable Inc.*,
   No. 15-CV-1078, 2016 WL 3390415 (E.D. Wis. June 17, 2016) ...........................2

*In re Barclays Bank PLC Securities Litigation*,
   No. 09 Civ. 1989, 2016 WL 3235290 (S.D.N.Y. June 9, 2016) .............................7

*In re Google Inc. Cookie Placement Consumer Privacy Litigation*,
   806 F.3d 125 (3d Cir. 2015)...............................................................................3

*In re Nickelodeon Consumer Privacy Litigation*,
   No. 15-1441, 2016 WL 3513782 (3d Cir. June 27, 2016).......................................3

*In re Oswalt*,
   318 B.R. 817 (W.D. Mich. 2004), *aff'd* 444 F.3d 524 (6th Cir. 2006)....................9

*Johnson v. Pastoriza*,
   491 Mich. 417 (2012)..........................................................................................8

*Khan v. Children's National Health System*,
   No. 15-2125, 2016 WL 2946165 (D. Md. May 19, 2016) .......................................2

*Kia Motors America, Inc. v. Glassman Oldsmobile Saab Hyundai, Inc.*,
   706 F.3d 733 (6th Cir. 2013) ..............................................................................8

*LaFontaine Saline, Inc. v. Chrysler Group, LLC*,
   496 Mich. 26 (2014)........................................................................................7, 8

*Lahti v. Fosterling*,
   357 Mich. 578, 589 (Mich. Ct. App. 1959) ..........................................................10

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)............................................................................................3

*Mey v. Got Warranty, Inc.*,
No. 5:15-CV-101 (N.D. W.Va. June 30, 2016) ........................................................7

*Mortgage Electronic Registration System, Inc. v. Pickrell*,
271 Mich. App. 119 (2006) .................................................................................10

*People v. Berg*,
85 Mich. App. 639 (1978) ...................................................................................10

*People v. Sheeks*,
244 Mich. App. 584 (2001) ...................................................................................9

*Pollard v. Photographic Co.*,
(1888) 40 Ch. D. 345 ...........................................................................................6

*Prince Albert v. Strange*,
(1849) 41 Eng. Rep. 1171 (Ch.) ............................................................................6

*Public Citizen v. Department of Justice*,
491 U.S. 440 (1989) ........................................................................................3, 4

*Rogers v. Capital One Bank (USA), N.A.*,
No. 1:15-cv-4016-TWT, 2016 WL 3162592 (N.D. Ga. June 7, 2016) .....................7

*Sartin v. EKF Diagnostics, Inc.*,
No. 16-1816, 2016 WL 3598297 (E.D. La. July 5, 2016) ...................................2, 6

*Seaton v. Wayne County Prosecutor*,
233 Mich. App. 313 (1998) ..................................................................................8

*Smith v. Ohio State University*,
No. 2:15-CV-3030, 2016 WL 3182675 (S.D. Ohio June 8, 2016) ..........................2

*Spokeo v. Robbins*,
136 S.Ct. 1540 (2016) ................................................................................ *passim*

*Vermont Agency of Natural Resources v. United States ex rel. Stevens*,
529 U.S. 765 (2000) .............................................................................................5

## <u>Other Authorities</u>

Neil M. Richards & Daniel J. Solove, *Privacy's Other Path: Recovering the Law of Confidentiality*, 96 Geo. L.J. 123 (2007) ....................................................5, 6

SB 490, Enacting Provisions, § 2................................................................... 8, 9, 10

Plaintiff concedes that she suffered no injury from Time's conduct. She nevertheless argues that she has standing based solely on Time's supposed violation of the VRPA. But *Spokeo* invalidates the theory that alleging a statutory violation is enough to confer standing. And SB 490 clarifies that the VRPA requires Plaintiff to allege actual injury to pursue a civil claim. Plaintiff cannot overcome these facts.

## I.    Plaintiff Lacks Standing Under Spokeo

### A.    *Spokeo* Requires Concrete Injury

*Spokeo v. Robbins*, 136 S.Ct. 1540 (2016) ("*Spokeo*"), is clear that a plaintiff does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right." *Id.* at 1549. Plaintiff nonetheless claims that a statutory violation constitutes injury-in-fact "so long as the right protects a congressionally identified interest." Response to Time's Motion to Dismiss ("Opp.") at 5. That position contradicts the plain language of *Spokeo*, and its vacatur of the Ninth Circuit's ruling despite recognizing that via FCRA, "Congress plainly sought to curb the dissemination of false information." *Spokeo* at 1550. In vacating, the Court explained that "not all inaccuracies cause harm or present a material risk of harm," for example "[i]t is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id.* If Plaintiff's analysis were correct, whether the incorrect zip code caused any harm would be irrelevant because Congress identified an interest in curbing false information. She

is not correct. Just as the *Spokeo* plaintiff could not rely solely on the dissemination of false information, Plaintiff cannot rely solely on a purported VRPA violation.[1]

*Gubala v. Time Warner Cable Inc.*, No. 15-CV-1078, 2016 WL 3390415 (E.D. Wis. June 17, 2016) likewise found that plaintiff lacked standing notwithstanding a legislatively identified interest. There, the court recognized that through the Cable Act, Congress "identified and elevated an intangible harm—the risk to subscribers' privacy created by the fact that cable providers have an 'enormous capacity to collect and store personally identifiable data about each cable subscriber.'" *Id.* at *4. It nonetheless found that plaintiff lacked standing because there were "no allegations . . . that the plaintiff has suffered a *concrete* injury as a result of the defendant's retaining his personally identifiable information." *Id.*[2]

---

[1] Plaintiff characterizes Time's argument as claiming that Plaintiff did not suffer "monetary harm," and accuses Time of ignoring the difference between "injury" and "damages." Opp. at 2-3. Time's argument is that Plaintiff admits she suffered no injury, monetary or otherwise, other than the alleged violation of the VRPA, which *Spokeo* says does not, by itself, provide the basis for standing. Time used the term "damages" in connection with its argument regarding the VRPA amendment because that is the word the statute uses.

[2] Other district courts have found no standing in similar circumstances. *See, e.g.*, *Sartin v. EKF Diagnostics, Inc.*, No. 16-1816, 2016 WL 3598297, at *3 (E.D. La. July 5, 2016) (plaintiff "fail[ed] to plead facts demonstrating how this statutory violation caused him concrete harm"); *Smith v. Ohio State Univ.*, No. 2:15-CV-3030, 2016 WL 3182675, *6-8 (S.D. Ohio June 8, 2016) (plaintiffs "admitted that they did not suffer a concrete consequential damage" from alleged violation); *Khan v. Children's Nat'l Health Sys.*, No. 15-2125, 2016 WL 2946165, at *7 (D. Md. May 19, 2016) (plaintiff "failed to connect" statutory violation "to a concrete harm").

2

That is not to say that Congressional action is never relevant. *Spokeo* noted that "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries'" previously inadequate in law. *Spokeo* at 1549 (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 578 (1992)). This means that Congress can give plaintiffs the ability to bring suit for a concrete injury previously not actionable. It does not mean that every time Congress passes a statute, any violation of it constitutes a concrete injury.[3] *Spokeo* makes clear the latter is ***not*** the case:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. *Spokeo* at 1549.

Comparing two cases cited by *Spokeo*—*Fed. Election Comm'n v. Akins*, 524 U.S. 11 (1998) and *Pub. Citizen v. Dep't of Justice*, 491 U.S. 440 (1989)—to this case illustrates the difference. *Akins* found injury-in-fact in voters' "inability to obtain information . . . that, on [their] view of the law, the statute requires that AIPAC make public" that "would help them . . . evaluate candidates for public

---

[3] *In re Nickelodeon Consumer Privacy Litigation*, No. 15-1441, 2016 WL 3513782 (3d Cir. June 27, 2016) is of limited value. The court, without the benefit of full briefing, simply followed its prior decision in *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125 (3d Cir. 2015), as unaffected by *Spokeo*. The court also failed to analyze whether the alleged harm had a "close relationship" to one traditionally regarded as providing a basis for a lawsuit in English or American courts. *Spokeo* at 1549. *Nickelodeon's* factual context was also different as it involved allegedly tricking kids into using defendant's website. *Nickelodeon*, 2016 WL 3513782 at *2.

office." 524 U.S. at 21. *Public Citizen* found injury where interest groups "sought and were denied" records needed "to participate more effectively in the judicial selection process" that the law required be disclosed. 491 U.S. at 449. Both cases involved statutes creating affirmative governmental obligations and concrete injury to plaintiffs in the form of denial of information they needed to participate in government.[4] Time's alleged violation did not similarly prevent Plaintiff from taking any action. Indeed, as she concedes, it did not affect her at all.

### B. Plaintiff's Intangible Injury Arguments Fail

Plaintiff cannot save her claim by rebranding a statutory violation as "intangible" injury. *Spokeo* recognized that intangible injuries could be concrete. And that in determining whether that is the case "both history and the judgment of Congress play important roles." *Spokeo* at 1549. Plaintiff seizes on this language to argue that a VRPA violation confers standing because it is akin to a claim for "breach of confidentiality." Opp. at 7-12. This argument fails for several reasons.

***First***, Plaintiff identifies no "intangible" harm she suffered. She does not claim that Time's alleged disclosure embarrassed her, hurt her employment prospects, or negatively affected her in any way. Her claimed intangible "breach of

---

[4] *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543 (11th Cir. July 6, 2016), follows this pattern and does not affect the outcome here. The injury there was the deprivation of information required to be provided to enable plaintiff to evaluate and respond to debt collection efforts. No such deprivation exists here.

4

confidentiality" injury is a mere restatement of her statutory claim: her "confidentiality" was violated because the VRPA was violated.

**Second**, disclosing magazine titles to service providers does not bear "a close relationship" to a harm traditionally regarded as providing a basis for a lawsuit in English or American courts. *Spokeo* at 1549. Plaintiff claims that "breach of confidentiality has a long history of providing a basis for suit," citing to two law review articles and three cases from the late 19th and early 20th centuries. Opp. at 8-9. The existence of a few relatively recent cases regarding "confidentiality" does not constitute the "historical practice" contemplated in *Spokeo*. *Spokeo* at 1549. There, the Court cited *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000), which examined "the long tradition of *qui tam* actions in England and the American Colonies," including "in the period immediately before and after the framing of the Constitution." *Id.* at 774, 776. Plaintiff offers no similar tradition of "confidentiality" claims.[5] Nor does any "injury" here resemble those in her "confidentiality" cases. *See Prince Albert v. Strange*, (1849) 41 Eng. Rep. 1171

---

[5] Plaintiff points to Neil M. Richards & Daniel J. Solove, *Privacy's Other Path: Recovering the Law of Confidentiality*, 96 Geo. L.J. 123, 125 (2007) ("Richards"). Opp. at 8. That article says that breach of confidence was not "cemented as a common law action" in England until 1948. Richards at 161. It also concludes that "the conceptions of privacy underlying English and American privacy tort law are radically different." *Id.* at 173-74. And that even in English law, breach of confidence requires "unauthorised use of th[e] information **to the detriment of the party communicating it**." *Id.* at 161-62 (emphasis added).

(Ch.) (Queen's stolen private etchings); *Pollard v. Photographic Co.*, (1888) 40 Ch. D. 345 (sale of pictures of plaintiff); *Douglas v. Stokes*, 149 S.W. 849, 849-50 (Ky. Ct. App. 1912) (unauthorized use of photo of deceased children).

*Third*, Plaintiff offers no evidence that the Legislature determined that a statutory violation, without more, should constitute concrete injury. To the contrary, the Legislature clarified it never intended such an outcome. Plaintiff points to legislative statements about the need to protect the privacy of reading and viewing choices. Opp. at 11. But if passage of a statute with a private right of action were enough to elevate an intangible harm to an injury-in-fact it would eviscerate the Supreme Court's holding that a plaintiff does not "automatically satisf[y] the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo* at 1549. *See also Sartin*, 2016 WL 3598297 at *3 ("vague reference to Congress and the FCC provides no factual material from which the Court can reasonably infer what specific injury, if any, [plaintiff] sustained through defendants' alleged statutory violations").

## C.    "Substantive" Violations Require Actual Injury Under *Spokeo*

Plaintiff argues that she need not demonstrate a concrete injury because she is not claiming a violation of a procedural right. Opp. at 12.  *Spokeo* does not limit the requirement of a concrete injury to procedural violations. The Court stated that even where a violation of FCRA led to the disclosure of false information (a substantive

6

violation), "not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Spokeo* at 1550.[6]  Here, Plaintiff concedes she has no harm.

## II.    SB 490's Actual Injury Requirement Applies Retroactively

### A.    The Legislature Intended Retroactivity

To apply retroactively, an amendment need not include the word "retroactive" or provide an antecedent effective date. Rather, it must either expressly or impliedly indicate retroactive intent. Plaintiff suggests that courts rely solely upon "express retroactivity language," but courts, including those she cites, look for "language *suggesting* retroactivity," *LaFontaine Saline, Inc. v. Chrysler Group, LLC*, 496 Mich. 26, 28 (2014) (emphasis added), or a manifestation of intent to apply the amendment to antecedent actions, *Brewer v. A.D. Transport Express, Inc.*, 486 Mich. 50, 51 (2010). SB 490 meets this standard, stating that the actual injury requirement is "curative and intended to clarify." SB 490, Enacting Provisions, § 2.[7]

---

[6] Where district courts have found standing post-*Spokeo* there was a concrete injury apart from the statutory violation. *See, e.g., Booth v. Appstack, Inc.*, No. 13-1533 JLR, 2016 WL 3030256, at *8 (W.D. Wash. May 24, 2016); *In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ. 1989, 2016 WL 3235290, at *6 (S.D.N.Y. June 9, 2016); *Rogers v. Capital One Bank (USA), N.A.*, No. 1:15-cv-4016-TWT, 2016 WL 3162592, at *2 (N.D. Ga. June 7, 2016); *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101 (N.D. W.Va. June 30, 2016).

[7] SB 490 is not solely an issue of statutory standing. Plaintiff here lacks both statutory and Article III standing. She relies on Time's violation of the VRPA alone as the

The cases Plaintiff cites in support of her anti-retroactivity argument do not dictate otherwise. The statutes in those cases included ***no*** language indicating retroactive intent and each opinion expressly noted this silence. *See, e.g.*, *Kia Motors Am., Inc. v. Glassman Oldsmobile Saab Hyundai, Inc.*, 706 F.3d 733, 740 (6th Cir. 2013); *Frank W. Lynch & Co. v. Flex Techs., Inc.,* 463 Mich. 578, 583 (2001); *Johnson v. Pastoriza*, 491 Mich. 417, 432, 434 (2012); *LaFontaine*, 496 Mich. at 39; *Brewer*, 486 Mich. at 56. By contrast, SB 490 is not silent. Its curative and clarifying language "manifest[s] a legislative intent to apply the amendments to antecedent [actions]." *Brewer*, 486 Mich. at 51.

Michigan courts have applied amendments retroactively even where they lack the word "retroactive."[8] In *Seaton v. Wayne County Prosecutor*, 233 Mich. App. 313, 322-23 (1998), the court applied an amendment retroactively though it was silent regarding retroactivity where it was enacted "for the purpose of correcting a perceived flaw or defect." *In re Oswalt*, 318 B.R. 817, 821-22 (W.D. Mich. 2004),

---

basis for her suit, eschewing any claim of actual injury. Because SB 490 makes clear that there is no violation of the VRPA absent actual injury, Plaintiff has no injury-in-fact. Thus, there is no subject matter jurisdiction and her appeal should be dismissed. *Doe v. Chao*, 540 U.S. 614 (2004) and *F.A.A. v. Cooper*, 132 S.Ct. 1441 (2012) are inapposite and do not hold that a dismissal is improper here.

[8] *Boelter v. Hearst Comm. Inc.*, No. 15-cv-3934, 2016 WL 3369541 (S.D.N.Y June 17, 2016), involving a New York federal court applying Michigan law, was wrongly decided for several reasons, including its heavy reliance on the lack of express language without considering the clear indications of legislative intent. It also gave outsized weight to the 90-day effective date provision but failed to acknowledge the separate provision stating that the "act is ordered to take immediate effect."

*aff'd* 444 F.3d 524 (6th Cir. 2006) did the same even though the statute did "not have any language mandating retroactive application." *See also Doe v. Dep't of Corrections*, 249 Mich. App. 49, 60-61 (2001) (statute reflected retroactive intent though it "[did] not use the word 'retroactive'").

Plaintiff concedes that *Allstate Ins. Co. v. Faulhaber*, 157 Mich. App. 164 (1987) and *People v. Sheeks*, 244 Mich. App. 584 (2001) establish that using curative and clarifying language suggests retroactivity. *See* Opp. at 18. She claims, however, that *Lynch's* focus on "clear expression" supplanted *Allstate* and *Sheeks*' long-supported view that the Legislature can "expressly or impliedly" indicate its intent. Not so. *Lynch* neither addresses *Allstate* or *Sheeks* nor disavows the "expressly or impliedly" language. On remand, the Court of Appeals used the same supposedly abrogated language. *Frank W. Lynch & Co. v. Flex Techs., Inc.*, No. 240989, 2004 WL 345283, at *1 (Mich. App. Feb. 24, 2004).[9]

SB 490's context and legislative history confirm the Legislature's intent. The VRPA sat untouched for decades. Yet, just a few years after lawyers used it against publishers engaged in standard practices, the Legislature amended it to "clarify … that a civil action … may only be brought by a customer who has suffered actual damages." SB 490, Enacting Section 2. It did so after warnings that SB 490 would

---

[9] Post-*Lynch*, courts have continued to use the "expressly and impliedly" standard to evaluate retroactive intent. *See, e.g.*, *Davis v. State Emps.' Ret. Bd.*, 272 Mich. App. 151, 167 n.1 (2006); *GMAC LLC v. Dep't of Treas.*, 286 Mich. App. 365, 377 (2009).

be applied retroactively.  Plaintiff notes that courts had interpreted the VRPA to allow a plaintiff to bring suit without injury.  Opp. at 20. But that makes the curative amendment more significant, as it shows the Legislature stepped in to correct an erroneous resolution. *See Mortg. Elec. Registration Sys., Inc. v. Pickrell,* 271 Mich. App. 119, 126 (2006); *People v. Berg*, 85 Mich. App. 639, 644-45 (1978).[10]

### B.    SB 490 is Remedial and Does Not Impact a Vested Right

The actual injury requirement also applies retroactively because it is remedial and does not impact a vested right. It is remedial because it affects how the VRPA may be enforced in court by an individual. Contrary to Plaintiff's assertion, retroactive application of SB 490 would not eliminate her ability to enforce her rights under the VRPA. It merely clarifies that to do so she must suffer actual injury. That this may limit the ability to bring a claim without injury does not make it less remedial. *Allstate* applied a new statute of limitations retroactively even though doing so would foreclose claims that arose beyond the period. *See* 157 Mich. App. at 167. Moreover, any expectation Plaintiff had of a no-injury lawsuit was based on the statute, and "a statutory right, though a valuable right, is not a vested right." *Lahti v. Fosterling*, 357 Mich. 578, 589 (Mich. Ct. App. 1959).

Dated:  July 12, 2016               /s/ Jeffrey Landis

---

[10] Plaintiff claims a recent Michigan Supreme Court opinion supports her position. *See* Dkt. No. 29 at 1-2. But that opinion did not even analyze retroactivity because the language the court was evaluating did not materially change.  *See Id.* at Ex. A.

10

Marc Zwillinger
Jeffrey Landis
Nury Siekkinen
ZWILLGEN PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
(202) 706-5203

Robert M. Jackson (P40723)
Arthur T. O'Reilly (P70406)
HONIGMAN MILLER SCHWARTZ
AND COHN, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
(313) 465-7400
rjackson@honigman.com
aoreilly@honigman.com

*Counsel for Defendant Time Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on July 12, 2016, I electronically filed the foregoing Reply Memorandum with the Clerk of the Court via the ECF system, which will send a notification of such filing to all counsel of record.

/s/ Jeffrey Landis
Jeffrey Landis